IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR417-056
)
JIMMIE ALEXANDER, )
)
Defendant. )
)

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 33), to which objections have been filed (Doc. 36). After careful de novo review of the record in this case, the report and recommendation is **ADOPTED** as the Court's opinion. Accordingly, Defendant's Amended Motion to Suppress (Doc. 25) is **DENIED**.

Defendant Jimmie Alexander was indicted for possession of a firearm as a convicted felon on April 6, 2017. (Doc. 1.) He was arrested after two police officers noticed a vehicle stopped at a stop sign for an unusual amount of time and decided to conduct a wellness check on the vehicle's occupants. As one of the officers approached the passenger side of the vehicle, he noticed that Defendant appeared to have a firearm in his waistband. From this point, the parties dispute the exact sequence of events. One of the officers testified that he immediately asked

Defendant if he was armed and asked him to place his hands on the dash of the vehicle after Defendant denied possessing a firearm. Defendant, however, contends that the officer did not ask him about the firearm, but, instead, immediately ordered Defendant to place his hands on the dash of the vehicle. Defendant contends that this order constituted an improper seizure by the officer. Defendant argues that possession of a firearm alone was insufficient to justify the officer's order for Defendant to place his hands on the dash of the car. As a result, Defendant contends that the gun was seized during an unlawful search and should, therefore, be suppressed.

In the report and recommendation, Magistrate Judge Smith recommends that Defendant Jimmie Alexander's motion should be denied. (Doc. 33.) Magistrate Judge Smith concluded that the officers acted reasonably both when they asked Defendant to place his hands on the dash of his vehicle and when they later seized the firearm. In his objections, Defendant challenges only Magistrate Judge Smith's conclusion that the officers acted reasonably by asking Defendant to place his hands on the dash of his vehicle after seeing the gun in his waistband. In his objections, Defendant contends that the officers had no reasonable suspicion justifying their request. Defendant

2

argues that because Georgia law permits individuals to carry guns, his open possession of a firearm would not give the officers any legitimate basis from which to order him to place his hands on the dash of a vehicle. Accordingly, he contends that the officers' actions violated his Fourth Amendment rights.

An officer can only conduct an investigatory stop of an individual when that officer has reasonable suspicion that the individual has engaged in criminal activity. Terry v. Ohio, 392 U.S. 1, 30 (1968). A protective frisk, however, is fundamentally different from an investigatory stop and does not require reasonable suspicion of criminality. United States v. Bonds, 829 F.2d 1072, 1074 (11th Cir. 1987). A protective frisk "does not always result from, nor is it necessarily a part of, any focused investigation of the individual." Id. Rather, a protective frisk can occur "when an officer legitimately encounters an individual, whether he is investigating that individual or not, the officer may reasonably believe himself to be in danger and may wish to determine quickly whether that person is armed." Id.

In this case, the officers were well within their authority to conduct a wellness check to determine whether the vehicle's occupants were safe. The facts show that the

3

wellness check occurred late at night in a high crime area. The Court finds that it was reasonable for the officers to conduct a protective frisk after noticing a firearm in Defendant's waistband. The officers acted out of concern for their safety by asking Defendant to place his hands on the dash of the vehicle.

Moreover, the Court must consider that this encounter occurred while Defendant was inside a stopped vehicle. Courts routinely emphasize the increased danger to officer safety during traffic stops. See Michigan v. Long, 463 U.S. 1032, 1047 (1983). While there was no traffic stop in this case, officers were approaching a vehicle where the same unknowns to their safety existed. In this case, the officers reacted only when noticing that the passenger of the vehicle was armed. They reasonably requested that Defendant place his hands on the vehicle's dash to minimize any potential safety risks.

For the foregoing reasons, the Court finds that the officers did not violate Defendant's Fourth Amendment rights when they asked him to place his hands on the dash of the vehicle.[1] Accordingly, the Magistrate Judge's Report

---

[1] Defendant fails to provide a clearly stated objection to the Magistrate Judge's finding that the firearm was properly seized after the Defendant denied having possession of the clearly visible firearm. Regardless, the

and Recommendation is **ADOPTED** as the Court's opinion. Defendant's Amended Motion to Suppress (Doc. 25) is **DENIED**.

SO ORDERED this 8th day of January 2018.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

Court agrees with the finding in the report and recommendation that the officers acted lawfully at this point. Because Defendant denied possession of a firearm that the officers could clearly see, the officers had reasonable suspicion that Defendant had unlawful possession of the gun. Accordingly, they acted reasonably by seizing the gun.